IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-129-SLR |
| MICHAEL R. HENRY | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS
PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Michael Henry, by and through his undersigned counsel, Keir Bradford, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth Amendment of the United States Constitution, for an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about July 4, 2007, subsequent to the illegal search.

In support of this motion, Mr. Henry avers as follows:[1]

1.  On July 4, 2007, Officer Nelson, of the Sussex County Police Department was flagged by a black male[2] seeking assistance stating that he had just been threatened by a guy named

---

[1] The facts contained in paragraphs 1-6 of this motion were taken from Discovery provided to the defense by the government, as well as from independent defense sources. Although Mr. Henry cites these facts in his motion, he submits that an Evidentiary Hearing is needed to further develop the facts, which are determinative of this motion.

[2] Information as to the identity of this witness has not been provided by the Government, consequently he is here-in-after referenced as the black male.

Mike, who displayed a handgun at him. The black male further stated that he was advised by Mike to leave Burton Village when he attempted to pick up April Mann. He advised a verbal altercation occurred between April Mann and "Mike while he was at Burton Village and "Mike" fired a round with his handgun.

2. The officer then contacted several other officers advising them of the incident and escorted the black male back to 306 Burton Village, Rehoboth Beach, Delaware. Upon arrival to 306 Burton Village, Rehoboth Beach, Delaware the officer met with several other police units in the area.

3. While investigating the incident, Officer Nelson was allegedly advised that "Mike" was Michael Henry, who lives at 306 Burton Village, Rehoboth Beach, Delaware. Officer Nelson and several other state police troopers proceeded to the front door of 306 Burton Village, Rehoboth Beach, Delaware and contacted a woman who came to the doorway.

4. Upon arriving at the residence of Mr. Henry, the police sought entry into the home. However, neither the defendant nor his mother, nor any other resident of the home gave the police permission to enter. Moreover, the officers conducted a warrantless entry and search of the residence.

5. Pursuant to a warrantless search of the residence, the officers recovered a handgun from the armrest of a couch located in the front livingroom. Officer Nelson and Officer Oldham searched the upstairs of the residence for Michael Henry with negative results.

6. On October 2, 2007, Mr. Henry was indicted for (2) counts of possession of cocaine base with the intent to distribute in violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(c), and being a felon in possession of firearm in violation of Title 18 U.S.C. § 922(g)(1) and 924(a)(2).

7. The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." See U.S. CONST. Amend. IV. There is a presumptive requirement that searches and seizures be carried out pursuant to a warrant. See Katz v. United States, 389 U.S. 347, 357 ("[S]earches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment - subject only to a few specifically established and well-delineated exceptions.") (internal citations omitted).

8. With regard to warrantless arrests, the Supreme Court made clear in Payton v. NewYork, 445 U.S. 573 (1980) that the Fourth Amendment prohibits the police from making a warrantless, non-consensual entry into a suspect's home in order to make a routine felony arrest. Cf. Steagald v. United States, 451 U.S. 204 (1981) (concluding that absent consent or exigent circumstances, the police may not enter a third party's home without a search warrant even in order to apprehend the suspect of an arrest warrant); Sharrar v. Felsing, 128 F.3d 810 (3d Cir. 1997) (stating that the government bears the burden of demonstrating exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries); see also Terry v. Ohio, 392 U.S. at 20 (stating that the "police must, whenever practicable, obtain advance judicial approval of searches and seizures through the warrant procedure...[and][,]in most instances failure to comply with the warrant requirement can only be excused by exigent

circumstances.").

9.      In Minnesota v. Olson, 495 U.S. 91, 100 (1990), the Supreme Court cited examples of exigent circumstances that may excuse a police officers' warrantless invasion of a home. There, the Court stated that "a warrantless intrusion may be justified by hot pursuit of a fleeing felon, or imminent destruction of evidence, or the need to prevent a suspect's escape, or the risk of danger to the police or to other persons inside or outside the dwelling." Id. (citations omitted). In this case, there are no exigent circumstances present to excuse the warrant requirement. The police officers were not in hot pursuit of Mr. Henry; there was no reason to believe that anyone inside of 306 Burton Village, Rehoboth Beach, Delaware was in danger; nor was there a reasonable belief that the evidence would be destroyed. In fact when the officers went to the home of Mr. Henry, they were met by a woman who informed them that Michael Henry was not present. The officer's never gained her consent to enter the home and look for him, therefore the warrantless entry was an unjustified attempt to circumvent a constitutionally protected right. In United States v. Zimmerman, 277 F.3d 426 (3d Cir. 2002) (quoting Payton v. New York, 445 U.S. 573, 585 (1980). The Court bolstered the underlying premise of the Fourth Amendment by stating, "One's home is sacrosanct, and unreasonable government intrusion into the home is 'the chief evil against which the wording of the Fourth Amendment is directed.'

10.     In conclusion, in this case, there were no exigent circumstances present at the time of the police officers' forcible intrusion to justify their warrantless entry into the home. At the time the officers forcibly entered the home, they were informed that Mr. Henry was not there. At best, the police officers suspected that Mr. Henry may be involved in criminal activity based on an information received at the scene. As discussed above, these activities alone, however, did not

provide justification to enter the home. See e.g., Sharrar, 128 F.3d at 820 (stating that police belief that a suspect, who was located inside of a home, posed a danger and may have possessed a gun, did not constitute exigent circumstances that justified warrantless entry into the arrestee's home). Because the illegal search of Mr. Henry's home violated the Fourth Amendment, all evidence, including the firearm that was seized, must be suppressed in accordance with the "fruit of the poisonous tree doctrine" expressed in Wong Sun v. UnitedStates, 371 U.S. 471 (1963).

11.    Mr. Henry reserves the right to file a Memorandum of Law in support of his Motion to Suppress Physical Evidence and Statements after the completion of a hearing in this matter.

**WHEREFORE**, Mr. Henry respectfully submits that this Court conduct a hearing to further develop the facts related to this motion and enter an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about July 4, 2007, made subsequent to the illegal search.

                                              Respectfully submitted,

                                              /s/
                                              Keir Bradford
                                              Federal Public Defender
                                              704 King St., Ste. 110,
                                              Wilmington, DE 19801
                                              (302) 573-6010
                                              ecf_de@msn.com

                                              Attorney for Michael Henry

Dated:   November 13, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-129-SLR |
| MICHAEL HENRY, | : | |
| Defendant. | : | |

## **ORDER**

The Court having considered Defendant Henry's Motion to Suppress Evidence and Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2007, that any evidence seized during the search of 306 Burton Village, Rehoboth Beach, Delaware, at the time of Mr. Henry's arrest in this case, including any statements made by Mr. Henry, shall be suppressed.

THE HONORABLE SUE L. ROBINSON
United States District Court Judge